**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ERICA SHANEE MIX,**

**Petitioner,**

**v.**

**WARDEN, OHIO REFORMATORY FOR WOMEN,**

**Respondent.**

**CASE NO. 2:21-CV-126**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

**ORDER and REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (ECF No. 6.) Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition

must be dismissed. *Id*. Applying this standard, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

## I. BACKGROUND

Petitioner challenges her May 2018 conviction pursuant to her guilty plea in the Gallia County Court of Common Pleas on drug trafficking. The trial court sentenced her pursuant to the joint recommendation of the parties to eleven years' incarceration. The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case:

> {¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. Erica Mix, defendant below and appellant herein, pleaded guilty to one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), and received an eleven year prison sentence. Appellant assigns one error for review:
>
> ASSIGNMENT OF ERROR:
>
> "A GUILTY PLEA IS COERCIVE WHEN IT IS INDUCED BY PROMISES MADE TO DEFENDANT-APPELLANT CONCERNING HER CO-DEFENDANT MOTHER'S CASE, WITHOUT ADEQUATE ADVICE BY COUNSEL AND THE COURT, CONTRA HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AS WELL AS HER SIXTH AMENDMENT RIGHTS GUARANTEED BY THE OHIO AND FEDERAL CONSTITUTIONS (RECORD REFERENCE: TR. PP. 47-87)."
>
> {¶ 2} In May 2018, a Gallia County Grand Jury returned an indictment that charged appellant with (1) one count of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2), a first-degree felony, (2) one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A), a first-degree felony, and (3) one count of operating a motor vehicle with a hidden compartment in violation of R.C. 2923.241(C), a second-degree felony.
>
> {¶ 3} Subsequently, and pursuant to a negotiated plea agreement, appellant pleaded guilty to one count of aggravated trafficking in drugs. At the hearing, the state informed the trial court that an officer stopped a vehicle in Gallia County and inside the vehicle, the officer found appellant, the driver, and a passenger, appellant's mother. Apparently, the cruiser's camera also recorded a conversation between appellant and her mother. During the conversation, appellant indicated that she had a controlled substance in her vehicle's hidden compartment. In that

> compartment, officers later found 439.5 grams of methamphetamine, an amount that warranted a major drug offender specification.
>
> {¶ 4} After negotiation between the parties and, in exchange for appellant's guilty plea, the state agreed to (1) dismiss counts two and three, and (2) reduce appellant's co-defendant mother's charge to a third-degree felony. At that point, the trial court, pursuant to the joint sentencing recommendation, sentenced appellant to serve a mandatory eleven-year prison term. Afterward, appellant filed a pro se motion for delayed appeal that this court granted on January 22, 2019.
>
> {¶ 5} In her sole assignment of error, appellant asserts that her guilty plea resulted from coercive tactics and, thus, violated her due process rights under the Fifth and Fourteenth Amendments, as well as her Sixth Amendment rights guaranteed by the Ohio and federal Constitutions. In particular, appellant argues that her plea resulted from promises that involved her co-defendant mother and without adequate advice from counsel and the trial court.

*State v. Mix*, 4th Dist. No. 18CA-9, 2019 WL 3889647, at *1 (Ohio Ct. App. Aug. 12, 2019). On August 12, 2019, the appellate court affirmed the trial court's judgment. *Id*. Petitioner did not file an appeal to the Ohio Supreme Court.

On October 9, 2020, Petitioner executed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (*Petition*, ECF No. 1, PAGEID # 16.) She asserts that she was denied the effective assistance of counsel (claim one); and convicted in violation of the 5th, 6th, and 14th Amendments (claim two). Plainly, however, this action is subject to dismissal as unexhausted and barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander,* 912

F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970). Petitioner never filed a timely appeal in the Ohio Supreme Court. She may still pursue a motion for a delayed appeal pursuant to Ohio Supreme Rule of Practice 7.01(A)(4)(i). Thus, this action is subject to dismissal on this basis. *See Moore v. Warden, Noble Corr. Inst.,* No. 2:18-cv-379, 2018 WL 5266795 (S.D. Ohio Oct. 23, 2018) (dismissing habeas corpus petition without prejudice as unexhausted where the petitioner never filed a timely appeal to the Ohio Supreme Court); *Boddie v. Jenkins*, No. 2:14-cv-00226, 2015 WL 4874705 (S.D. Ohio Aug. 14, 2015) (same). Further, the record fails to reflect that a stay of proceedings pending exhaustion is warranted. *See Wycuff v. Haviland*, No. 2:19-cv-3549, 2020 WL 529299, at *6 (S.D. Ohio Feb. 3, 2020) (a stay is appropriate only if the petitioner had good cause for failing to exhaust state court remedies, unexhausted claims are potentially meritorious, and there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

Courts within the Sixth Circuit have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, like the Petitioner's, that do not include unexhausted claims. *Id*. at *6 (citations omitted); *see also Elmore v. Shoop,* No. 1:07-cv-776, 2020 WL 3410764, at *13 (S.D. Ohio June 22, 2020) ("[T]he stay-and-abeyance remedy set forth in *Rhines* [ ] applies only to 'mixed' petitions containing both exhausted and unexhausted claims."). Moreover, because

Petitioner's claims likely are barred in the Ohio Supreme Court, they are not "potentially meritorious" so as to warrant a stay under *Rhines*. *See Rodano v. Marquis*, No. 1:18-cv-2770, 2020 WL 994652, at *5 (N.D. Ohio Mar. 2, 2020) (procedurally bared claims are not "potentially meritorious" as defined in *Rhines* and no stay would be warranted for a petitioner to pursue a motion that has little, if any, likelihood of success) (citing *Toledo v. Banks*, No. 2:09-cv-614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010), *report and recommendation adopted by* 2010 WL 3061514 (S.D. Ohio Aug. 2, 2010) (other citations omitted)).

Thus, this action is subject to dismissal as unexhausted.

## III. STATUTE OF LIMITATIONS

This action also appears to be untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on September 26, 2019, forty-five days after the appellate court's August 12, 2019 dismissal of the appeal, when the time period expired to file a timely appeal with the Ohio Supreme Court. *See Zimmer v. Turner*, No. 1:19-cv-01412, 2020 WL 3211150, at *10 (N.D. Ohio May 15, 2020); Ohio Supreme Court Rule of Practice 7.01(A)(1)(a)(i). The statute of limitations began to run the following day and expired one year later, on September 27, 2020. Petitioner waited until October 9, 2020, to execute this habeas corpus petition. Therefore, it is untimely.

The record does not reflect that any extraordinary circumstances justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner complains that COVID-19 put a strain on movement within the prison and that she did not learn, until February 4, 2020, that she had lost her appeal. (*Petition*, ECF No. 1, PAGEID # 14.) However, Petitioner has a duty to monitor the status of her appeal. *See Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 463 (6th Cir. 2012) (citing *Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003)). Further, a

petitioner's *pro se* status, ignorance of the law, or limited access to the law library do not constitute extraordinary circumstances warranting equitable tolling of the statute of limitations. *See McCall v. Bradley*, No. 1:18-cv-02835-JGC, 2020 WL 3520092, at *10 (N.D. Ohio May 5, 2020) (citations omitted). The COVID-19 pandemic may qualify as an extraordinary circumstance justifying equitable tolling of the statute of limitations. *See Taylor v. Valentine*, No. 5:20-cv-0139-TBR, 2021 WL 864145, at *2 (W.D. Ky. Mar. 8, 2021). However, it is the petitioner's burden to establish equitable tolling. *See Spice v. Davids*, No. 1:21-CV-180, 2021 WL 790772, at *7 (W.D. Mich. Mar. 2, 2021) (citing *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)). Here, Petitioner has failed to satisfy her burden to establish that COVID-19 prevented her from timely filing.

## IV. RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE